1    WO

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9    William    Consalo    &    Sons    Farms          No. CV-10-00049-TUC-CKJ
     Incorporated,
10
                         Plaintiff,
11
     v.                                                   **ORDER**
12
     Drobnick Distributing Incorporated;
13   Edward Drobnick; Deborah Drobnick;
     Babaluci Fresh Fruit & Vegetables LLC;
14   Marco Antonio Siqueiros; Veronica
     Siqueiros,
15
                         Defendants.
16
     Drobnick Distributing Incorporated, a
17   California corporation

18                     Cross-Complainant,

19   v.

20   Marco Antonio Siquerios, and Babaluci
     Fresh Fruit & Vegetables, LLC aka Whole
21   Foods & Vegetables,

22                     Cross-Defendants.

23
             Pending before the Court is Cross-Complainant Drobnick Distributing Inc.'s
24
     ("Drobnick") Supplemental Notice of Application and Application for Entry of Default
25
     Judgment as to Cross-Defendants Babaluci Fresh Fruit & Vegetables LLC aka Whole
26
     Foods & Vegetables and Marco Antonio Siquerios.  (Doc. 159).
27

28

1   **I.      Background**

2          Plaintiff William Consalo & Sons Farms, Inc. is a wholesale buyer and seller of

3   fresh fruits and vegetables located in Vineland, New Jersey. Plaintiff has held a PACA

4   license since 1962. In approximately June 2008, Defendant Marco Siqueiros started

5   Babaluci Fresh Fruit & Vegetables, LLC ("Babaluci").  Babaluci is a buyer and seller of

6   fresh fruits and vegetables.  In January 2009, Plaintiff hired Marco Siqueiros to act as its

7   agent to buy and sell produce on behalf of Plaintiff in its Nogales, Arizona office.

8          Defendant Drobnick Distributing, Inc. is a brokerage firm in the business of

9   buying and selling fresh fruits and vegetables located in Salinas, California. Defendant

10  Edward Drobnick is its principal. Defendant Drobnick Distributing, Inc. has held a

11  PACA license since 2001.

12         On January 25, 2010, Plaintiff filed a Complaint against Babaluci and Marco

13  Siqueiros (collectively "Babaluci Defendants"), and Drobnick Distributing, Inc., Edward

14  and Deborah Drobnick (collectively "Drobnick Defendants") alleging breach of PACA

15  trust.  (Doc. 1).  On March 5, 2010, the Drobnick Defendants filed their Answer.  (Doc.

16  30).   Drobnick also asserted a Cross-Complaint against the Babaluci Defendants.

17         The Cross-Complaint alleges that Drobnick entered into an agreement with

18  Babaluci to process invoices for the purchase of produce from Plaintiff to Babaluci, in an

19  effort to help Marco Siqueiros establish an industry credit rating.  As compensation,

20  Drobnick would receive a transaction fee of $.25 per carton.  Invoices for the purchase of

21  produce from Plaintiff were delivered to Drobnick, which processed the invoices and

22  forwarded them to Babaluci.  However, Babaluci received the purchased produce directly

23  from Plaintiff.

24         Between September 17, 2009 and November 20, 2009, Drobnick sent Babaluci

25  invoices for the produce purchased from Plaintiff as well as invoices for the agreed upon

26  transaction fees.   However, Babaluci never made payments on those invoices.     In

27  addition from November 3, 2009 through December 16, 2009, Drobnick agreed to sell

28  Babaluci produce and Babaluci agreed to pay Drobnick for that produce.  However,

1    Babaluci failed to pay Drobnick for the produce.

2         The Babaluci Defendants have not filed an Answer in this cause of action or

3    responded to the Cross-Complaint.  At an April 2010 hearing Defendant Siqueiros

4    admitted in open Court that he owes the outstanding balance to Plaintiff and that he owes

5    Drobnick money as well.  On June 2, 2010, Plaintiff filed an Amended Complaint adding

6    Defendant Marco Siqueiros's wife, Veronica Siqueiros as a Defendant. (Doc. 85).

7         On June 3, 2010, Drobnick filed a Motion for Entry of Default as to the Cross-

8    Defendants.  (Doc. 87).  On June 9, 2010, the Clerk of the Court entered an Amended

9    Entry of Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, against Cross-

10   Defendants.  (Doc. 94).  On June 23, 2010, Drobnick filed a Motion for Entry of Default

11   as to the Cross-Defendants.  (Doc. 96).

12        On February 9, 2011, the Court denied Drobnick's Motion for Entry of Default

13   with leave to resubmit.  (Doc. 112).  The Court reasoned that Drobnick's claims in the

14   Cross-Complaint may affect Plaintiff's claims against Drobnick.  As such, the Court

15   found that Drobnick could resubmit its Motion for default judgment upon the resolution

16   of the issues between Plaintiff and the Drobnick Defendants.

17        On March 30, 2011, the Court granted Plaintiff's Motion for Summary Judgment

18   against the Drobnick Defendants.  (Doc. 118).  In its Order, the Court found that the

19   Drobnick Distributing and Edward Drobnick were liable to Plaintiff for $1,525,896.88 in

20   produce sold to the Drobnick Defendants.  On July 29, 2013, the Court denied the

21   Drobnick Defendants Motion for Reconsideration.  (Doc. 138).  Judgment was entered on

22   July 29, 2013.  (Doc. 139).  On November 15, 2013, Drobnick filed a Supplemental

23   Motion for Default Judgment against Babaluci.  (Doc. 159).  No response has been filed.

24

25   **II.    Discussion**

26        Rule 55, Federal Rules of Civil Procedure, provides for the entry of default

27   judgment by the Court. Fed. R. Civ. P. 55(b)(2). "The district court's decision whether to

28   enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092

- 3 -

(9th Cir. 1980).  After entry of default by the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a), the Court may grant default judgment pursuant to Fed. R. Civ. P. 55(b)(2). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing the two-step process required by Rule 55).  In exercising its discretion whether to grant default judgment, the Court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72 (citations omitted). Upon entry of default by the Clerk, the general rule is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (internal citations omitted). Therefore, Plaintiff is "required to provide proof of all damages sought in the complaint." *Pepsico, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).

*A. Procedural Requirements*

As a preliminary matter, the Court addresses the adequacy of the service of process on Cross-Defendants. *See e.g.*, *SEC v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) (reviewing *de novo* whether "default judgment is void because of lack of personal jurisdiction due to insufficient service of process."); *Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process."). Regarding service of process, Rule 4(e), Federal Rules of Civil Procedure, provides:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served -in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

1    Fed. R. Civ. P. 4(e). Further, "a domestic or foreign corporation, or a partnership

2    or other unincorporated association that is subject to suit under a common name, must be

3    served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule

4    4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h).

5    Defendant Babaluci Fresh Fruit & Vegetables LLC aka Whole Foods &

6    Vegetables is an Arizona corporation and Defendant Marco Siqueiros is above the age of

7    majority. As such, none of the Defendants are minors or incompetent.  On March 5, 2010,

8    Plaintiff filed Returns of Service as to the Babaluci Defendants who were personally

9    served on March 3, 2010. (Docs. 28, 29). As such, Plaintiff properly served the Babaluci

10   Defendants with the Complaint.

11   Since the Complaint was properly served on the Babaluci Defendants in

12   accordance with Fed.R.Civ.P. 4, the Cross-Complaint constitutes a pleading filed after

13   the original complaint and therefore requires service under Federal Rule of Civil

14   Procedure 5.  Fed.R.Civ.P. 5(a)(1)(B); *see e.g. Kruska v. Perverted Justice Foundation*

15   *Inc*., 2010 WL 3156089, *3 (D. Ariz. 2010).  One method of effecting proper service of a

16   Cross-Complaint is to mail "it to the person's last known address – in which event

17   service is complete upon mailing." Fed.R.Civ.P. 5(b)(2)(C).  Drobnick mailed a copy of

18   the Cross-Complaint to the Cross-Defendants on March 5, 2010.  (Doc. 31).  Then, on

19   May 6, 2010, Drobnick had another copy of the Cross-Complaint served on the Cross-

20   Defendants including the registered agent for Babaluci Fresh Fruit & Vegetables, by

21   mailing a copy of the Cross-Complaint to their last known addresses.  (Doc. 77).

22   As such, Drobnick Distributing has effected proper service of its Cross-Complaint

23   against the Cross-Defendants and the Cross-Defendants have failed to respond.  Since the

24   Court has determined that service of the Cross-Complaint was proper, the Court shall

25   analyze the factors enunciated in *Eitel* to determine whether default judgment on the

26   Cross-Complaint is appropriate in this case.

27

28   *B. Eitel Factors*

*1. Possibility of Prejudice to the Plaintiff*

With respect to the first *Eitel* factor, Drobnick would suffer prejudice if the default judgment is not entered because it would otherwise be without recourse for recovery. Since the Cross-Defendants have failed to answer or otherwise respond to the allegations in the Cross-Complaint, the Cross-Defendants are deemed to have admitted the truth of those statements. *See Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978). The evidence before this Court indicates that Drobnick will be prejudiced by its inability to recover damages for the Cross-Defendants' breach of contract and breach of trust. This factor favors granting default judgment.

*2. Substantive Merits and Sufficiency of the Complaint*

The second and third *Eitel* factors are interrelated and shall be considered in tandem. The Court will review Drobnick's claims in the Cross-Complaint and weigh their substantive merits and sufficiency.

The Cross-Complaint alleges a breach of contract. The Cross-Complaint has pleaded the existence of a contract. It alleges that Drobnick performed its contractual duties and that the Cross-Defendants breached the agreement by not paying Drobnick the amount owed on the invoices. As such, the Cross-Complaint has sufficiently pled breach of contract. *See Raymat Materials, Inc. v. A&C Catalysts, Inc*., 2013 WL 3662477, *2 (N.D. Cal. 2013).

The Cross-Complaint also alleges a breach of trust. To prevail on their breach of trust claim, Plaintiff must prove "a violation by the trustee of any duty which as trustee he owes to the beneficiary." *Boulder Fruit Exp. & Heger Organic Farm Sales v. Transportation Factoring, Inc.*, 251 F.3d 1268, 1271 (9th Cir. 2001). (quoting Restatement (Second) of Trusts § 201 (1959)). The federal regulations delineate a PACA trustee's primary duty as follows:

> Commission merchants, dealers and brokers are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities. Any act or omission

- 6 -

which is inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of Section 2 of the Act, (7 U.S.C. 499b).

7 C.F.R. § 46.46(d)(1). "Dissipation" is defined as "any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions." 7 C.F.R. § 46.46(a)(2).

In the instant case, the Cross-Complaint properly alleges the elements for a breach of the PACA trust. The Cross-Complaint identifies the PACA trust, and alleges a failure by the Cross-Defendants to pay trust funds to Drobnick for goods sold. The Cross-Complaint further alleges that the Cross-Defendants dissipated trust assets. Accordingly, Drobnick has adequately pled its claims against the Cross-Defendants for breach of trust. The substantive merits and sufficiency of the Cross-Complaint favors granting default judgment.

*3. Amount of Money at Stake[1]*

The fourth *Eitel* factor directs the Court to consider the amount of money at stake in relation to the seriousness of the Cross-Defendants' conduct. *Eitel*, 782 F.2d at 1471-72. In this case, Drobnick seeks a total of $17,603.79 in unpaid transaction fees and interest. The unpaid transaction fees requested is $10,320.00. Pursuant to the outstanding transaction fee invoices, a penalty payment of 1.5% per month is owed on all unpaid invoices. The amount of interest owed on the unpaid transaction fees is presently $7,283.79.

Drobnick also seeks a total of $361,626.93 in damages and interest for the produce sold to Cross-Defendants pursuant to the terms set forth in the invoices. The amount of unpaid invoices for produce totals $212,519.80. Pursuant the invoices, a penalty payment

---

[1] Drobnick has attached copies of all the invoices for unpaid produce and unpaid transaction fees that had been submitted to Babaluci as well as a spreadsheet itemizing the attorneys' fees and costs incurred by Drobnick.

of 1.5% per month on any unpaid balance is charged.  The total interest owed on the unpaid produce invoices is $149,107.13.

Additionally, Drobnick asserts that it never received any of the produce or any proceeds from the sale of the produce referenced in the invoices for $1,555,396.62, which are the subject of the Plaintiff's First Amended Complaint.  Further, Cross-Defendants were responsible for selling that produce and received all the proceeds from the sale of that produce.  As such, Drobnick asserts that Cross-Defendants should be required to indemnify and hold harmless Drobnick against damages of $1,525,896.88 plus interest at the federal judgment rate, which was awarded to Plaintiff against Drobnick and Edward Drobnick pursuant to the Judgment entered in this case.  (Doc. 139).

Finally Drobnick seeks $63,866.46 in attorneys' fees and costs. In light of Cross-Defendants failure to defend against this cause of action and the liquidated amount of damages sought, this Court finds that this factor favors granting default judgment.

*4. The Possibility of a Dispute Concerning Material Facts*

The fifth *Eitel* factor contemplates the possibility of a dispute concerning material facts. Upon entry of default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (internal citations omitted). The Cross-Defendants have had more than an ample amount of time to defend against Drobnick's claims, yet they have not done so. As such, there are no material facts in dispute.  Thus, this factor favors the entry of default judgment.

*5. Whether Default Was Due to Excusable Neglect*

The sixth *Eitel* factor considers whether the default was due to excusable neglect. The Cross-Defendants were served via first class mail on March 5, 2010 and again on May 6, 2010.  (Docs. 31, 77).  There is no evidence before this Court to indicate that the Cross-Defendants failure to answer or otherwise respond to the Cross-Complaint is due to

excusable neglect.  Indeed, in light of the amount of time that has passed since service of the Cross-Complaint and Cross-Defendants Marco Siqueiros's appearance at the April 2010 evidentiary hearing, it seems unlikely that Cross-Defendants' failure to respond could be attributable to excusable neglect. As such, this factor favors entry of default judgment.

*6. Public Policy Favoring Decisions on the Merits*

The seventh *Eitel* factor involves "the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. This concept, however, is not an absolute. Rule 55(a), Federal Rules of Civil Procedure, specifically contemplates "termination of a case before hearing the merits . . . whenever a defendant fails to defend an action." *Pepsico, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). Thus, despite the strong public policy in favor of decisions on the merits, cases such as this make "a decision on the merits impractical, if not impossible." *Id.* As such, this Court is not precluded from entering default judgment against the Cross-Defendants, and finds that default judgment is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1.      Drobnick's Supplemental Notice of Application and Application for Entry of Default Judgment is GRANTED.  (Doc. 159).

2.      Cross-Defendants Babaluci Fresh Fruit & Vegetables LLC aka Whole Foods & Vegetables and Marco Siqueiros, jointly and severally, shall pay Drobnick Distributing Inc. damages in the amount of $379,230.72.

3.      Cross-Defendants Babaluci Fresh Fruit & Vegetables LLC aka Whole Foods & Vegetables and Marco Siqueiros, jointly and severally, shall pay Drobnick Distributing Inc.'s attorneys' fees and costs in the amount of $63,866.46.

4.      Interest on the total principal amount of this Judgment of $443,097.18 at the federal judgment rate as specified in 28 U.S.C. §1961 shall accrue from the date of this Judgment until paid.

5.   Cross-Defendants Babaluci Fresh Fruit & Vegetables LLC aka Whole Foods & Vegetables and Marco Siqueiros, shall indemnity and hold harmless Drobnick Distributing, Inc., and its officers, directors and shareholders, including, without limitation, Edward and Deborah Drobnick against the $1,525.896.88, plus interest at the federal judgment rate, which is owed by Drobnick Distributing, Inc., and Edward Drobnick to Plaintiff William Consalo & Sons Farms, Inc. pursuant to the Judgment entered in this case.

6.   The Clerk of the Court shall enter judgment in favor of Drobnick Distributing, Inc. and against Babaluci Fresh Fruit & Vegetables LLC aka Whole Foods & Vegetables and Marco Siqueiros.

Dated this 6th day of December, 2013.


_____
Cindy K. Jorgenson
United States District Judge